WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swift Transportation Company of Arizona, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Stevens Transport Incorporated, <br><br> Defendant. | No. CV-14-01450-PHX-SPL <br><br> **ORDER** |

Before the Court is Plaintiff's Motion to Remand (Doc. 19).[1] For the reasons that follow, the Court will grant the motion and remand this case to state court.

**I.  Background**

Plaintiff Swift Transportation Company of Arizona, LLC and Defendant Stevens Transport Incorporated are commercial trucking service providers. On May 23, 2014, Plaintiff filed suit in Maricopa County Superior Court, Case No. CV2014-008283, alleging one cause of action for declaratory judgment. (Doc. 1-1.) In its complaint, Plaintiff seeks a court order declaring that its hiring practices does not amount to tortious interference with any employment contract between Defendant and Thomas Constant, Robert Davis, or other similarly situated truck drivers.

On June 26, 2014, Defendant removed this action pursuant to 28 U.S.C. § 1441(b),

---

[1]  The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

claiming diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moves to remand this action to state court for lack of subject matter jurisdiction, and seeks an award of attorneys' fees and costs.

**II.     Legal Standard**

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). However, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "defendant always has the burden of establishing that removal is proper," *id.* at 566, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c).

For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**III.    Discussion**

Plaintiff's complaint seeks declaratory judgment and no dollar amount is demanded. Therefore, to determine the amount in controversy, the Court looks to "the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In determining this value, the Court considers "'either viewpoint,'" in other words, "the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)).

Here, Defendant first argues that the value of student tuition satisfies the $75,000

threshold. Defendant cites that Constant and Davis have outstanding tuition balances in the amount of $4,014.40 and $3,826.52, respectively. (Doc. 21 at 4.) Defendant maintains that because Plaintiff also seeks declaratory judgment against "other similarly situated Drivers," the amount of lost tuition at stake "is therefore, limitless and endless." (Doc. 21 at 5.) This purported amount does not satisfy Defendant's jurisdictional burden. The calculation of "limitless" past and future tuition loss is not only mere conjecture, but is *not* "in controversy." The contract submitted by Defendant provides that each participating trucking student is liable for payment of tuition, including any interest on amounts financed, irrespective of subsequent employment. (*See* Doc. 1-2 at 12.) The underlying employment contracts and the instant dispute therefore have no bearing on Defendant's ability to recoup any outstanding tuition payment.

Defendant next advances that the amount of lost revenues and profits meets the jurisdictional amount. Referencing an affidavit of a company director (Doc. 1-3), Defendant proffers that Davis generated revenues of approximately $4,332.00 during a six-week period of employment, which would equate "to $722.00 per week or $37,544.00 over one year." (Doc. 21 at 5.) Defendant highlights however, that this amount "is just for one driver" and "[g]iven the numbers of drivers involved, it is abundantly clear (and certainly more likely than not) that the objective of this case is to avoid potential liability reaching into the hundreds of thousands of dollars." (Doc. 21 at 5-6.)[2] The Court disagrees; Defendant has offered nothing that makes it "abundantly clear" that the amount in controversy meets or exceeds $75,000. Defendant's calculation of "hundreds of thousands of dollars" is factually deficient and unduly conclusory. Defendant offers no facts or evidence regarding actual employee salary, annual revenue, or lost profit stemming from the cessation of students who are now employed by Plaintiff, information that presumably would be in Defendant's custody and control. Consequently, Defendant

---

[2] Defendant cites, among other cases, *Mahoney v. Depuy Orthopaedics, Inc.*, 2007 WL 3341389, *5-6 (E.D.Cal. Nov. 8, 2007) (noting that in an action for injunctive relief, the amount in controversy can be based on plaintiff's prior compensation and sales revenue for the year immediately preceding litigation).

has not overcome the presumption against removal jurisdiction, and fails to meet its burden to demonstrate that the amount in controversy exceeds $75,000.

**IV.   Attorneys' Fees**

Plaintiff argues that it is entitled to attorneys' fees pursuant to 28 U.S.C. § 1447(c) because Defendant did not have an "objectively reasonable basis" for removal. The Court agrees remand is warranted, but does not find there was no objectively reasonable argument for removal. The complaint does not request a specific amount of damages and it is objectively reasonable to argue that lost profits and revenues could satisfy the jurisdictional requirement. Thus, although Defendant appears to have failed to conduct a reasonable investigation into the case's value prior to removal, the Court does not conclude that attorneys' fees should be awarded.

**V.   Conclusion**

Finding Defendant fails to satisfy its burden to establish that it is "more likely than not" that the amount in controversy exceeds $75,000, the Court will remand this case to state court. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court"). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to Maricopa County Superior Court and terminate this action.

Dated this 8th day of September, 2014.

Honorable Steven P. Logan
United States District Judge